U.S DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USA, <br><br> Plaintiff <br><br> vs. <br><br> Suppressed <br> In the Matter of the Search of, <br><br> Defendant | Case No. 4:19-MJ-07099-SPM <br><br> ORAL HEARING REQUESTED |

## **MOTION TO UNSEAL SEARCH WARRANT RECORDS**

Robert Patrick seeks to intervene in this case for the sole purpose of filing a pro se motion to unseal records associated with a search warrant, application and return, and in support thereof, states:

1. Robert Patrick is a resident of the Eastern District of Missouri who frequently accesses or attempts to access court documents, including those associated with state and federal search warrants. He is not filing this motion on behalf of a news organization.

2. Mr. Patrick became aware of a federal search warrant, 4:19-MJ-07099, applied for and issued on March 20, 2019.

3. The electronic case file contains no information about the warrant other than date, judge and prosecutor.

4. The prosecutor, Assistant U.S. Attorney Hal Goldsmith, is involved in an investigation into contracts with St. Louis County government and donors to St. Louis County Executive Steve Stenger, and issued subpoenas that have become public. That information includes "Stenger's call history, texts and emails with current and former county employees related to contracts

awarded by any county department or agency."[1]

5. The instant search warrant was issued the day before the subpoenas were received by county officials, and upon information and belief, pertains to the Stenger investigation.

6. The 14-day period during which all documents associated with search warrants are sealed, per local rule, has expired. Mr. Goldsmith filed a motion for sealing order dated March 20, which was granted. The order has sealed the documents for six months, the maximum allowed under the local rules. Mr. Goldsmith's motion for a sealing order is itself sealed, so the public has no information that would explain the sealing of otherwise public court documents. His last public motion for a sealing order, in 4:15-mj-03062, cites an "ongoing investigation that would be compromised if the facts of the warrant were disclosed at this time."

7. Mr. Patrick requested that Mr. Goldsmith unseal the search warrant documents or file a redacted affidavit. Mr. Goldsmith declined.

8. The U.S. District Court's local rule 83-13.05 establishes that the government must prove a "compelling interest necessitating a restriction on public access."

9. In the instant case, the existence of the investigation is no longer a secret. The recipient of the search warrant is aware of it, as is the public via statements by the St. Louis County Council and the agencies that received subpoenas. Mr. Goldsmith's investigation concerns issues at the very core of the First Amendment—the integrity of St. Louis County officials and the process by which they spend taxpayer money.

10. Federal circuit courts around the country have applied differing standards regarding the right of public access to search warrants, but the law in the 8th Circuit is clear. Our court has ruled that the public has a qualified right of access to search warrants and associated documents under both the First Amendment and common law, saying "public access to documents filed in

---

[1] See "Feds want records related to big Stenger contributors," April 9, 2019 St. Louis Post-Dispatch and "St. Louis County served with subpoena in federal investigation targeting Stenger, council chairman says," March 25, 2019 St. Louis Post-Dispatch.

support of search warrants is important to the public's understanding of the function and operation of the judicial process and the criminal justice system and may operate as a curb on prosecutorial or judicial misconduct."[2] The court also ruled that "Proceedings may be closed and, by analogy, documents may be sealed if 'specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to that interest."'"[3] Court documents are presumptively open. The court "must... explain why closure or sealing was necessary and why less restrictive alternatives were not appropriate" and those "findings must be specific enough to enable the appellate court to determine whether its decision was proper...."

11. The Gunn court also said that "...although the process of issuing search warrants has traditionally not been conducted in an open fashion, search warrant applications and receipts are routinely filed with the clerk of court without seal." At least that was the case in 1988. That process changed significantly after the implementation of electronic filing.

12. Of the 45 search warrants applied for in the Eastern District in May and June of 2009, prosecutors asked for the case to be sealed 42 times. In every case, their request was granted. In 22 of those cases, they got the max – 6 months.

13. In 2011, a clerk in the U.S. District Court in South Dakota told Mr. Patrick "few" search warrants are sealed there. A clerk in the Eastern District of Arkansas said that less than half of search warrants are sealed there, and a clerk in North Dakota estimated their sealing rate at about half.

14. A search of all filings in U.S. District Court in North Dakota in January of 2019 reveals just two search warrants. Both were never sealed (3:19-mj-00033 and 1:19-mj-00006), although both were for intercepted packages. An identical search in South Dakota in January 2019 revealed no

---

2  855 F2d 569 Search Warrant for Secretarial Area Outside Office of Gunn
3  In re New York Times Co., 828 F.2d at 116 citing Press-Enterprise II, 106 S.Ct. at 2743, citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984).

search warrants that are completely sealed. One was never sealed (5:19-mj-00013) and in three others, redacted affidavits or other documents were filed (5:19-mj-00008 and 1:19-mj-00001&2). In other districts, returns are apparently publicly filed, even if the affidavits are sealed.[4]

15. In short, the government in 4:19-mj-07009 has not used the most restrictive means necessary to satisfy whatever compelling government interests in secrecy remain, and the case documents should be unsealed or filed in a redacted form.

By: /s/ Robert Patrick

Robert Patrick

Telephone: 314-340-8131

Email: robertfpatrick@yahoo.com

---

4  See 5:11-mj-00492, document #19 in U.S. District Court for the Northern District of New York